**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT E. TURNER,

      Petitioner-Appellant,

v.

RON CHAMPION; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 97-6018
(D.C. No. 94-CV-727)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

---

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner was tried in Oklahoma for the shooting death of his wife. The jury rejected his accidental-death defense, found him guilty of murder, and imposed a life sentence. After an unsuccessful appeal and application for post-conviction relief, he filed this habeas action in May 1994. The magistrate judge issued successive recommendations, rejecting claims raised in the initial petition and a subsequent amendment. The district court adopted both, dismissed the petition, and denied a certificate of probable cause (CPC) for appeal. We also deny a CPC and, accordingly, dismiss the appeal.

The initial petition raised: (1) insufficiency of the evidence; (2) admission of expert weapons testimony allegedly encroaching upon the province of the jury to find intent; (3) use, without requisite notice, of "prior bad act" evidence of marital discord; (4) failure to instruct on misdemeanor-manslaughter (in addition to heat-of-passion and culpable-negligence manslaughter); and (5) ineffective assistance of trial counsel, who did not obtain jury voir dire, opening statement, and closing argument transcripts. The amended petition added: (6) ineffective assistance of appellate counsel--in several respects, though the only one preserved for our review by objection to the magistrate judge's recommendation, see International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys., Inc., 52 F.3d 901, 904 (10th Cir. 1995), concerns counsel's failure to seek reversal on the ground that the trial court should have ordered a competency hearing.

On habeas, we review the district court's legal conclusions de novo and factual findings for clear error. See Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996), cert. denied, 117 S. Ct. 1703 (1997). We have considered the record carefully and are in substantial accord with the thorough analyses set out by the magistrate judge and district court.

The trial record shows a heated conflict between petitioner and his wife culminating on the night of the shooting; a crime scene suggesting she sought refuge behind a (battered) bathroom door and was seated in a cowering position when shot; a murder weapon safeguarded from the kind of accidental discharge alleged by petitioner; and incriminating post-shooting utterances from petitioner which did not mention his subsequent claim of accident. Certainly, a rational trier of fact could have found petitioner guilty of first degree murder beyond a reasonable doubt. See generally Jackson v. Virginia, 443 U.S. 307, 324 (1979).

The admission of testimony concerning a quarrel, weeks before the shooting, between petitioner and his wife over her job, even if lacking the notice required by a state "prior bad act" rule, would not justify habeas relief. Such evidence was merely cumulative to a similar episode directly associated with the shooting, and this whole showing of motive should have come as no surprise to the defense. The challenged evidence did not render petitioner's trial "fundamentally unfair." See Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir. 1989).

The state firearms expert properly explained the physical properties of the murder weapon. This objective testimony did not encroach upon the jury's consideration of petitioner's intent or his accidental-death defense, it *informed* that consideration. Though, at one point, the expert did indicate the weapon's half-cock safety and heavy trigger pull would require the user to "consciously" pull the trigger, this loosely subjective testimony was elicited, without objection, by defense counsel. Moreover, the jury was instructed that it could reject expert testimony. No fundamental error warranting habeas relief was committed.

Petitioner contends the refusal to instruct on misdemeanor-manslaughter requires reversal of his conviction under Beck v. Alabama, 447 U.S. 625, 638 (1980) (state "is constitutionally prohibited from withdrawing [a lesser offense] option from the jury in a capital case"), because he faced the *possibility* of a death sentence. We rejected the same contention in Trujillo v. Sullivan, 815 F.2d 597 (10th Cir. 1987). Under Trujillo, this is a *non*capital conviction to be affirmed unless "the evidence so overwhelmingly supports a lesser included offense instruction" that its absence was a "fundamental miscarriage of justice." Id. at 603-04. Petitioner's unsubstantiated speculation about possible predicate offenses for the proposed instruction falls far short of this standard. Moreover, as two manslaughter instructions were given, relief would not be warranted even if Beck and not Trujillo controlled. See Schad v. Arizona, 501 U.S. 624, 646-48 (1991) (Beck rule inapplicable when at least one lesser offense instruction given).

-4-

The district court rejected the ineffective assistance of trial counsel claim because petitioner did not identify any defense objections undercut by the lack of jury voir dire, opening statement, and closing argument transcripts. Petitioner's conclusory and conjectural assertion on appeal that these were "critical portions of the trial proceedings where common errors occur," Appellant's Opening Br. at 12i, clearly does not remedy the inadequacy of his showing below.

Finally, we agree with the district court's assessment of petitioner's claim of ineffective assistance of appellate counsel. Nothing in the surrounding circumstances should have prompted the trial court, sua sponte, to inquire into petitioner's competence to stand trial and, thus, appellate counsel was not ineffective for failing to raise the issue.

Petitioner's application for a certificate of probable cause is DENIED. The appeal is, accordingly, DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge